

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,687-01

### EX PARTE JUAN ROLANDO SOLIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. A-15-5099-CR (HC1) IN THE 36TH DISTRICT COURT FROM ARANSAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to of one count of evading arrest or detention with a motor vehicle and one count of possession of a controlled substance, and was sentenced to ten years' imprisonment for the evading arrest count and two years' state jail for the possession of a controlled substance count. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because counsel failed to communicate with Applicant for several months after his appointment, failed to appear for a hearing conducted on Applicant's *pro se* motion to dismiss the charges, which, according to Applicant was granted by the trial court, failed to investigate and raise issues with regard to the denial of a timely indictment and a speedy trial, failed to object that a member of the district attorney's office allegedly visited Applicant in jail and urged him to plead guilty to the charges, and advised Applicant to plead guilty in exchange for the maximum punishment for both counts.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the plea papers, including any written plea agreement, admonishments, waivers and stipulations, and judicial confession. The trial court shall then make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: August 22, 2018
Do not publish